

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed November 02, 2010**

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
15000 SURVEYOR BLVD. SUITE 100
ADDISON, TX 75001
(972) 341-0500

Attorney for CHASE HOME FINANCE, LLC AS SERVICING AGENT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA TRUST 2004-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-NC1 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-10443-RLJ-13 |
| | § | |
| WILLIS FAIN SISSOM, | § | |
|     Debtor | § | CHAPTER 13 |
| | § | |
| CHASE HOME FINANCE, LLC AS | § | |
| SERVICING AGENT FOR DEUTSCHE | § | |
| BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR GSAA | § | |
| TRUST 2004-NC1, MORTGAGE | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2004-NC1 ITS | § | |
| ASSIGNS AND/OR SUCCESSORS IN | § | |
| INTEREST, | § | |
|     Movant | § | HEARING DATE: 11/03/2010 |
| | § | |
| v. | § | TIME: 11:00 AM |

|  |  |
|---|---|
| WILLIS FAIN SISSOM; WALTER O'CHESKEY, Trustee | § § § § |
| Respondents | §  JUDGE ROBERT L. JONES |

## AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR

Came on for consideration the Motion for Relief from Stay, filed by CHASE HOME FINANCE, LLC AS SERVICING AGENT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA TRUST 2004-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-NC1 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning December 1, 2010, and continue said payments thereafter pursuant to that certain Texas Home Equity Note and Texas Home Equity Security Instrument dated August 25, 2003. Said payments shall be paid to Movant at:

> CHASE HOME FINANCE, LLC, SUCCESSOR BY MERGER TO CHASE
> MANHATTAN MORTGAGE CORPORATION
> 3415 VISION DRIVE
> MAIL CODE: OH4-7119
> COLUMBUS, OH  43219

3. **Modify Plan:** Debtor shall have 30 days from the date of the hearing or before December 3, 2010 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and

attorney's fees and costs in the total amount of $3,149.66 to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments for the months of July 1, 2010 through November 1, 2010 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $832.75 X 5 | $4,163.75 |
| Attorney's Fees & Costs | | $675.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $4,838.75 |
|    Payment Received | | $832.75 |
|    Payment to be Received by 11/15/2010 | | $832.75 |
|    Debtor Suspense | | $23.59 |
| Total Balance Due Less Payment Received | | $3,149.66 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim

4. **Payments to Trustee**: Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments

owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Texas Home Equity Note and Texas Home Equity Security Instrument shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

8. **Default**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent

payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (**2**) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

LOTS 10, 11 & 12, BLOCK 64, HIGHLAND ADDITION, SWEETWATER, NOLAN COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ KADRA ALEXANDER

    KADRA ALEXANDER             PAMELA JEAN CHANEY
    TX NO. 24040405                402 CYPRESS, STE. 310
    15000 SURVEYOR BLVD. SUITE 100   ABILENE, TX 79601
    ADDISON, TX 75001
    Telephone: (972) 341-0500         ATTORNEY FOR DEBTOR
    Facsimile: (972) 661-7725
    E-mail: NDECF@BDFGROUP.COM
    ATTORNEY FOR MOVANT


                                                  MARC MCBEATH, TRUSTEE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY:  /s/ KADRA ALEXANDER
    KADRA ALEXANDER
    TX NO. 24040405
    15000 SURVEYOR BLVD. SUITE 100
    ADDISON, TX 75001
    Telephone: (972) 341-0500
    Facsimile: (972) 661-7725
    E-mail: NDECF@BDFGROUP.COM
    ATTORNEY FOR MOVANT

PAMELA JEAN CHANEY
402 CYPRESS, STE. 310
ABILENE, TX 79601

ATTORNEY FOR DEBTOR

/s/ Marc McBeath
WALTER O'CHESKEY, TRUSTEE